PAUL J. MAHONEY vs. BOARD OF APPEALS OF WINCHESTER.

Middlesex.    January 4, 1962. — June 26, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, CUTTER,
KIRK, & SPIEGEL, JJ.

*Zoning,* Special permit.

In the circumstances respecting a parcel of land in a town already used
for market gardening and sale of products from a roadside stand and
located in an area which, although zoned for single residence use, con-
tained large commercial greenhouses, a farm, a filling station, a black-
smith shop, and only a few houses, the town's board of appeals, to
which the owner of such parcel applied under the zoning by-law for a
special permit to erect a commercial greenhouse on the parcel, acted
arbitrarily and in excess of its authority in unconditionally denying the
permit on the stated grounds that the greenhouse would increase heavy
traffic in the area, would be contrary to the "long range" residential
zoning of the area, and would be injurious to the area and detrimental
to the public welfare.

BILL IN EQUITY filed in the Superior Court on April 22,
1960.

The suit was heard by *Wisnioski,* J.

*Margaret Mahoney Nunes* for the plaintiff.

*Vincent P. Clarke,* Town Counsel, for the defendant.

WILLIAMS, J.    This is a bill in equity by way of appeal
under G. L. c. 40A, § 21, as amended through St. 1958, c. 175,
from a decision of the board of appeals refusing to grant a
permit to the plaintiff for the construction on his land of a
commercial greenhouse.    The locus is an area of approxi-
mately fifty acres fronting on Cambridge Street in Win-
chester.    It is within a single residence district and sub-
ject to the provisions of the town by-law relating to zoning.
By § 2 of that by-law as amended through March 1, 1959,
which pertains to single residence districts, "no new build-
ing or structure shall be constructed or used, in whole or in
part, . . . and no land shall be used.    A.    For any indus-
try, trade, manufacturing, business, or commercial purpose

(except as specifically set forth in this Section)''; or ''B. For any purpose except one or more of the following . . . .'' Section 2 B 7 excepts ''Orchard, truck garden, nursery or similar use of the land for raising of agricultural crops (but not including, except as hereinafter provided, any building or structure primarily used in connection with such purpose, nor any public display of produce).''

It is provided by § 2 C that, ''if permission of the Board of Appeals be obtained in accordance with the procedure and conditions set forth in Section 8 hereof, buildings and structures may be constructed . . . and used, and land may be used, for one or more of the following purposes,'' among which is ''Commercial greenhouses'' (§ 2 C 9 a).

By § 8 ''No permission sought under the provisions of paragraph C of Section 2 . . . shall be granted unless the Board of Appeals shall find that the proposed use, subject to appropriate conditions and limitations, will not adversely affect the health or safety of persons living in the neighborhood of such use or be injurious to said neighborhood or be detrimental to the public welfare.''

The board found that an extension of the plaintiff's business resulting from the greenhouse would increase the heavy traffic on Cambridge Street, which is Route 3, and would menace the health and safety of the people living in the neighborhood and denied the application.

It held that to approve an extension of the plaintiff's business would in its opinion be ''contrary to the long range planning and intent of the Town. If permission were given to enlarge and extend his business, other businesses in the neighborhood should be given similar permission if they should request it. . . . This highway carries a steady stream of heavy traffic . . . . The enlargement of any business which results in an increase in traffic along this portion of the highway . . . should be discouraged. It would result in menace to the safety of people living in the neighborhood and to all users of the highway. . . . [T]he proposed construction would be contrary to the intent and purpose of the Zoning By-laws, would be injurious to the general neigh-

borhood and future development of this area and would be detrimental to the public welfare and the best interests of the town.''

After a hearing a judge of the Superior Court filed a report of material facts. He found that: ''The appellant now uses his land for market gardening and makes sales of his products from a roadside stand previously authorized by the board of appeals. The area was zoned for single residence use in 1924 and since that time several new residences have been erected in the district upon former farm land. The locus involved is upon Massachusetts Route 3 a heavily travelled way. The granting of an exception to the . . . [plaintiff] would in effect be permitting an expansion of his present roadside sales business contrary to the long-range single residence planning envisioned for this area. The conduct of the business would complicate the traffic situation in the area and constitute a hazard to residents in the vicinity, and endanger health and safety in that respect. The expansion of commercial activity would be injurious to the neighborhood, contrary to the long-range planning intended for it, and consequently detrimental to the public welfare.''

The judge entered a final decree declaring that the board of appeals did not exceed its authority in denying an exception and permit to build to the plaintiff and that no modification of its decision was required. He ordered that the appeal be dismissed.

From this decree the plaintiff appealed.

The plaintiff's application to the board was for a permit under an exception created by § 2 C 9 of the by-law. G. L. c. 40A, § 4. Section 8 of the by-law requires the board to find in order to grant a permit that the proposed use will not adversely affect the health or safety of persons living in the neighborhood or be detrimental to the public welfare. The question for decision is whether on the evidence the judge was justified in sustaining the denial by the board of the plaintiff's application. *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 559–560. *Lawrence* v. *Board of Appeals of Lynn,* 336 Mass. 87, 90.

As to the facts, there is little controversy. From the testimony which is reported and photographic exhibits it appears that the plaintiff operates a truck farm on the westerly side of Cambridge Street, about one-half mile south of the Woburn line. Much of the northerly portion of his land consists of woods and ledge. Adjacent to his land and to the south are large commercial greenhouses covering approximately two acres and a parking space for visitors. Across Cambridge Street from the plaintiff is another farm with several buildings. Nearby to the north is a filling station and a small blacksmith shop. The only residences in the vicinity are a few houses to the southeast and those connected with the farm across the street. The plaintiff has a roadside stand from which he sells garden products and flowers which he raises, and apples, Christmas trees and wood which he obtains elsewhere. The plaintiff testified that the proposed greenhouse will be thirty-five by seventy feet and erected on his land at such location as may be designated by the board. Its purpose will be to raise plants in the winter for transplanting in the spring to supplement the products of his truck garden.

We think that the board was not justified in denying the plaintiff's application on the grounds stated. The area, although zoned for residences, has not really become residential. Long range considerations alone, affecting such an area, cannot reasonably lead to complete denial of permit for this greenhouse, which would allow convenient use of the premises for farming purposes in a manner which can have no substantial effect upon the public welfare at the present time. We do not suggest that the board may not impose reasonable conditions upon the use of the proposed structure, and possibly upon the duration of its use, if reasonably necessary to protect the public welfare in accordance with zoning policy shown in the by-law. In view of the normal traffic on Route 3, including that to and from the large commercial enterprise immediately to the south and that centering at the filling station to the north, there is no substantial evidence that increased traffic resulting

from business derived from the new greenhouse would be consequential. It could not reasonably be found sufficient to constitute a potential menace to the health and safety of persons in the neighborhood. The greenhouse as planned would have no tendency to change the present character of the neighborhood.

In these unusual circumstances the unconditional denial of a permit seems to have been arbitrary. See *Pendergast* v. *Board of Appeals of Barnstable, supra,* at pp. 559–560. It follows that there was error in the decree of the Superior Court upholding the decision of the board of appeals. The final decree is reversed and a decree is to be entered that the decision of the board of appeals was in excess of its authority and is annulled; and that the clerk of court within thirty days after the entry of the decree send an attested copy thereof to the board and to the inspector of buildings of said town.

*So ordered.*