L. LINDER LOMBARD *vs.* BOARD OF APPEAL OF WELLESLEY. February 8, 1965. Final decree affirmed. Mrs. Lombard built her house and a narrow one car garage in 1937 when automobiles were smaller than today and before certain zoning restrictions became applicable. To enlarge the garage sufficiently to accommodate reasonably a single modern vehicle of

domestic manufacture, she sought a permit (allowable under § XIX of the town zoning by-law) to widen the garage in a manner which would encroach only eighteen inches upon the twenty foot side yard area now required by the zoning by-law. Only one member of the board of appeal voted to deny her application. Unanimous approval was required. See G. L. c. 40A, § 19, as amended through St. 1955, c. 349. Upon appeal under G. L. c. 40A, § 21, as amended through St. 1960, c. 365, a judge of the Superior Court made careful subsidiary findings. He correctly concluded that, in the circumstances, the denial of this trivial exception was arbitrary and capricious. *Mahoney* v. *Board of Appeals of Winchester,* 344 Mass. 598, 600–601. See *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 560, where it was recognized that an exception to the general rule there stated might exist where the decision of a board of appeal "is unreasonable, whimsical, capricious, or arbitrary and so illegal."

*Harry E. Warren,* Town Counsel (*John M. Mullen* with him), for the defendant.

*Stuart Macmillan* (*Jackson W. Wright, Jr.,* with him) for the plaintiff.