BURLINGTON SAND AND GRAVEL, INC. *vs.* TOWN OF HARVARD.

No. 87-1416.

Middlesex.  September 9, 1988. — October 4, 1988.

Present: DREBEN, KAPLAN, & FINE, JJ.

*Zoning,* Nonconforming use or structure, Zoning district.

In an action against the town of Harvard brought by the owner of a tract of
land straddling the boundary line between that town and the adjoining
town of Boxborough seeking to renew the use of its Harvard land as an
access road for trucks hauling sand and gravel from its gravel pit on the
Boxborough land, the judge did not err in concluding that the landowner
had abandoned (under the applicable section of Harvard's zoning by-law)
through nonuse and intent to abandon for a period of two years or more
any nonconforming use of the Harvard land as an access road where,
at least for a three-year period during which a different road, located in
Boxborough, was used for access to the gravel pit, it not only had made
no use of the road in Harvard but, in addition, had effectively blocked
it off by an earthen barrier. [437-440]

CIVIL ACTION commenced in the Superior Court Department
on March 31, 1987.

The case was heard by *Robert J. Hallisey, J.,* on a statement
of agreed facts.

*David Berman* for the plaintiff.

*Richmond T. Edes,* Town Counsel, for the defendant.

FINE, J.  The question whether a nonconforming use of an
access road[1] had been abandoned was the only question tried
in a case brought by Burlington Sand and Gravel, Inc. (Bur-
lington), against the town of Harvard which was decided by
a Superior Court judge in favor of the town. Leave to take an
interlocutory appeal was granted to Burlington by a single
justice of this court. We affirm the partial judgment entered

---

[1] The town of Harvard described the "road" as a "driveway." We adopt
Burlington's terminology.

by the trial judge declaring that any nonconforming use of the Harvard road had been abandoned.

The parties stipulated to the following facts. Burlington owns a tract of land straddling the boundary line between Harvard and Boxborough. At least since 1970, Burlington has operated a sand and gravel business on the Boxborough portion of the land, and, until 1984, it used the land in Harvard as an access road for trucks hauling sand and gravel from its gravel pit in Boxborough. The commercial use of the Boxborough land conformed to that town's zoning requirements. The Harvard land was located in an area zoned for agricultural and residential use, but its use as a commercial access road may have been valid as a nonconforming use existing prior to the adoption of the applicable Harvard zoning regulation.[2] G. L. c. 40A, § 6.

At least for the three-year period from 1984 to 1987, during which Burlington used a different road located in Boxborough for access to its gravel pit, it not only did not make use of the road in Harvard, but it effectively blocked it off by an earthen barrier. Harvard's zoning by-law, § 2(f), provides: ". . . a nonconforming use which has been discontinued for more than two years . . . shall be considered abandoned." The judge concluded that "the access to Burlington's gravel pit was abandoned through nonuse and intent to abandon for a period of two years or more."

Unless Burlington's continuous use of the adjacent land in Boxborough for its sand and gravel business compelled a different result, the judge did not err in concluding that any nonconforming use of the Harvard land as an access road had been abandoned. Burlington had the burden of proving that it lacked the requisite intent to abandon its nonconforming use during the three-year period of nonuse. See *Bartlett* v. *Board of Appeals of Lakeville*, 23 Mass. App. Ct. 664, 668 (1987), and cases cited. An inference could fairly be drawn from the stipulated facts, not only that the actual use of the Harvard access road ceased for the required time period, but also that

---

[2] The question whether a valid nonconforming use existed was not adjudicated. For the limited purposes of this appeal, we assume that Burlington's use of the road was protected as a valid nonconforming use.

there was "the intent to abandon and . . . voluntary conduct
. . . which carrie[d] the implication of abandonment." *Ibid.*
See *Pioneer Insulation Modernizing Corp.* v. *Lynn*, 331 Mass.
560, 565 (1954); *Dobbs* v. *Board of Appeals of Northampton*,
339 Mass. 684, 686 (1959); *Cape Resort Hotels, Inc.* v. *Alcoholic Licensing Bd. of Falmouth*, 385 Mass. 205, 220-221
(1982).

Burlington contends, however, that it was error for the judge
to consider the Boxborough and Harvard land separately for
purposes of determining whether the protection of the preexisting nonconforming use had been abandoned. As a matter of
law, Burlington argues, the temporary cessation of the use of
the Harvard access road had no significance with regard to the
continuation of its nonconforming use protection given the
uninterrupted lawful use of Burlington's adjacent land in Boxborough for its sand and gravel business.

We think the judge properly looked at the use of the portion
of the land in Harvard as a separate matter.[3] The discussion
in *Tofias* v. *Butler*, ante 89, 92-96 (1988), of cases involving
"split lots," that is, tracts of land in the same ownership spanning more than one zoning district, whether or not in more
than one municipality, has significance for the present case.
In determining the validity of a municipality's attempt to prohibit a particular use of a portion of one tract, based upon
zoning requirements affecting only that portion, this court identified the important distinction to be that between a proposed
active use of land and a proposed abstract one. Thus, for
example, compare *Tambone* v. *Board of Appeal of Stoneham*,
348 Mass. 359 (1965) (a portion of a lot partially in a residence
A zone could be used to satisfy the setback requirements for
a proposed apartment house to be built on the portion of the
lot in a residence B zone because the use is an abstract one)

---

[3] It might have been otherwise if Harvard's strict enforcement of its zoning
by-law had left Burlington with no usable access to the Boxborough portion
of its land. Contrast *Lapenas* v. *Zoning Board of Appeals of Brockton*, 352
Mass. 530, 533 (1967). See *Tofias* v. *Butler, ante* 89, 95 n.13 (1988).
Burlington alleged no more, however, than that the inability to use its
Harvard access road would be inconvenient.

with *Brookline* v. *Co-Ray Realty Co. Inc.*, 326 Mass. 206 (1950) (use of a strip in Brookline zoned for single-residence use for service access to an apartment building in Boston, an active use, is not permissible in violation of Brookline's zoning by-law) and *Harrison* v. *Building Inspector of Braintree*, 350 Mass. 559 (1966) (a portion of a split lot located in a residential district could not be actively used as an access roadway for an adjacent industrial plant).

The case of *Chelmsford* v. *Byrne*, 6 Mass. App. Ct. 848 (1978), on which Harvard relies, although it does not deal with nonconforming uses, falls neatly within the reasoning in *Tofias* v. *Butler*. The *Chelmsford* case involved the proposed use of a dirt road located in a residential district in Chelmsford for access to property in Lowell lawfully used for industrial purposes. The proposed use of the land zoned for residential use was an active one rather than an abstract one. This court stated that "[a]n owner of land in an industrial district may not use lots of land in an adjacent residential zone as access roadways for its industrial use." The case was remanded for a determination whether "there [was] a lawful use of the Lowell property consistent with the Chelmsford by-law."

The distinction drawn in *Tofias* v. *Butler* is based on the principle that, ordinarily, a municipality ought to be accorded the right to carry out the policies underlying its zoning ordinance or by-law with respect to the actual uses made of land within its borders. As in a "split lot" case, in a case in which a municipality is alleging the abandonment of a nonconforming use, what it is attempting to avoid is an active use of property in contravention of its existing zoning restrictions. Indeed, as we noted in *Bartlett* v. *Board of Appeals of Lakeville*, 23 Mass. App. Ct. at 666-670, in enacting St. 1977, c. 829, § 4, affecting the application of G. L. c. 40A, § 6, to municipalities, the Legislature expanded the authority of those municipalities to extinguish nonconforming uses. Thus, the same considerations as are involved in the "split lot" cases are involved, we think, in the determination whether a nonconforming use in a part of a lot spanning more than one zoning district has been abandoned. Burlington's proposed renewed use of its Harvard land

as an access road to its gravel pit is an active use. Harvard, thus, may validly apply its land use policies to Burlington's Harvard property. There is nothing to the contrary in *Massachusetts Broken Stone Co.* v. *Weston*, 346 Mass. 657 (1964), a case on which Burlington relies, involving changes in the preexisting nonconforming use of a particular locus.

*Partial judgment affirmed.*