MARK DUPONT, trustee,[1] *vs.* TOWN OF DRACUT.

No. 95-P-419.

Suffolk. April 16, 1996. - September 17, 1996.

Present: WARNER, C.J., ARMSTRONG, & KASS, JJ.

*Zoning,* Frontage, Split lots.

A judge of the Land Court correctly ruled that a town had the right to prohibit a proposed accessory use (parking and access) that would serve a principal use (residential) to be constructed on the same lot but on a portion located in another municipality, where the town's zoning by-law did not permit a residential use for the portion of the lot that lay in the town. [294-296]

In a civil action, the judge properly denied the plaintiff's motion for reconsideration of the plaintiff's motion for summary judgment where the plaintiff did not meet his burden of producing evidence that demonstrated there remained unresolved issues of fact. [297]

CIVIL ACTION commenced in the Land Court Department on September 28, 1992.

The case was heard by *Karyn F. Scheier,* J., on a motion for summary judgment.

*Michael Najjar* for the plaintiff.

*Judith Pickett* for the defendant.

WARNER, C.J. The plaintiff seeks to build a fourteen-unit housing project for the elderly on a lot situated in both the city of Lowell and the town of Dracut. The Lowell segment consists of 12,906 square feet and is located in an M-3 zoning district that allows multifamily housing. The Dracut portion contains 7,420 square feet and is located in a B-3 district that allows business use and prohibits residential use. As proposed, the structure would be situated on the Lowell portion of the lot with access and most of the required off-street parking situated on the Dracut portion. In order to meet Lowell's M-3

---

[1] Of H & H Management Nominee Trust.

frontage requirement, frontage on the Dracut portion of the land would have to be added to the Lowell frontage. A two-family dwelling which predates Dracut's zoning by-law is now located on the Lowell portion of the property. Dracut recognizes the residential use as a legally nonconforming one.

The plaintiff brought an action in the Land Court seeking a declaration that the town of Dracut may not prohibit the plaintiff from adding the Dracut frontage to the Lowell frontage[2] to meet Lowell's frontage requirement and that the Dracut zoning by-law does not prohibit parking on the Dracut land to service the multifamily building in Lowell, or, in the alternative, that application of the Dracut by-law constitutes a taking for which the town must pay just compensation.

The Land Court judge granted summary judgment for the town, ruling that the town had the right to prohibit the use of land for an accessory use (access and parking) to a use (residential) not permitted in that district. She ruled further that there was no unconstitutional taking because a nonconforming two-family dwelling, which Dracut recognizes as a legally nonconforming use with respect to the portion of the lot located in Dracut, exists on the locus. Thus, the judge stated, the dwelling may remain there and, perhaps, be modified pursuant to the provisions of G. L. c. 40A, § 6. She noted further that the entire property is undersized with regard to the Dracut by-law. Were it not for the existing legally nonconforming structure, the judge said, the lot would not be buildable under the Dracut by-law without a variance from the lot area requirements even if it were located entirely within Dracut. We agree with the reasoning and conclusion of the Land Court judge and only remand the case to the Land Court for the entry of an appropriate declaratory judgment in accordance herewith.

The plaintiff argues on appeal that the judge erred in ruling that Dracut had the right to deny the use of the land for parking and access to a residential facility in Lowell because

---

[2] In his complaint, the plaintiff alleges that Dracut has taken the curious position that none of the frontage along the Dracut portion of the plaintiff's lot may be used to supplement the Lowell frontage in order to satisfy Lowell's frontage requirement. The town concedes in its brief that the areas may be combined to satisfy frontage requirements. See *Tofias* v. *Butler*, 26 Mass. App. Ct. 89, 92-96 (1988); *Moore* v. *Swampscott*, 26 Mass. App. Ct. 1008, 1009 (1988).

Dracut's zoning by-law does not explicitly regulate split lots — single lots extending over more than one zoning district. He further contends that the denial was an arbitrary and invalid restriction and that the judge should have considered his claim that the town had not applied this restriction to similar lots.

Whether in the same or two different municipalities, if a lot is located in two different zoning districts, a town may prohibit the portion in one district from being used for an accessory use to serve a principal use not allowed in that district. *Brookline* v. *Co-Ray Realty Co.*, 326 Mass. 206 (1950). *Chelmsford* v. *Byrne*, 6 Mass. App. Ct. 848 (1978).

The plaintiff points out that in *Co-Ray*, the Brookline by-law specifically provided that when a lot is located partially in Brookline and partially in an adjacent city or town, the regulations and restrictions of the by-law would apply as if the entire lot were in Brookline. *Brookline* v. *Co-Ray Realty Co.*, 326 Mass. at 211. While the Dracut zoning by-law contains no such provision, the existence of such a provision is not determinative. See *Chelmsford* v. *Byrne, supra,* which cites no analogous provision. The determining factor is whether the accessory use conforms to "the principle that, ordinarily, a municipality ought to be accorded the right to carry out the policies underlying its zoning ordinance or by-law with respect to the actual uses made of land within its borders." *Burlington Sand & Gravel, Inc.* v. *Harvard*, 26 Mass. App. Ct. 436, 439 (1988). See *Tofias* v. *Butler*, 26 Mass. App. Ct. 89, 93-96 (1988), in which the split lot issue is discussed and the cases are collected.

The situation here is similar to that of *Co-Ray*. In that case, a lot was located partly in a single residence district of Brookline and partly in Boston. The applicant proposed to build an apartment house on the Boston portion and to use the Brookline portion as a rear yard and service entrance. Brookline brought an action to enjoin this use of the Brookline portion because it was not authorized in a single residence district of Brookline. The court, stating that Brookline was properly seeking "to enforce its own zoning by-law and the ban therein against the use of the Brookline land as a locus for carrying on the numerous inevitable service activities accompanying the occupancy of an apartment house," 326 Mass. at 212, ordered the entry of a decree enjoining the

use. *Id.* at 214. Likewise, the proposed use in this case would serve a principal use in Lowell prohibited by Dracut's zoning by-law. The plaintiff notes that parking facilities are a permitted use in Dracut's B-3 business district.[3] But the incidental use of the Dracut land for parking for an apartment house does not transform it into a commercial parking lot. See *Co-Ray* at 212, where the court determined that an apartment building's landscaped rear yard could not be considered as a "park or ornamental grounds," a use otherwise permitted by Brookline's by-law. See also *Harrison* v. *Building Inspector of Braintree*, 350 Mass. 559, 561 (1966), holding that use of access roadways in a residential district to serve an adjacent industrial facility violated residential zoning requirements; *Richardson* v. *Zoning Bd. of Appeals of Framingham*, 351 Mass. 375, 381 (1966), holding that a private access road to serve an apartment house was not permitted in a single residence district. Compare *Lapenas* v. *Zoning Bd. of Appeals of Brockton*, 352 Mass. 530, 532-533 (1967), holding that where access to a portion of a lot in a business zone in the other town was important and would not impair the quality of the area crossed, the plaintiffs were "entitled to relief from the literal operation of the zoning ordinance."

On appeal, the plaintiff does not pursue the argument he made in the Land Court, where he asserted that the application of the by-law rendered the Dracut portion of his property useless and amounted to a government taking of the land. The Land Court judge ruled that, unlike the situation in *Lapenas* v. *Zoning Bd. of Appeals, supra,* and *Chelmsford* v. *Byrne*, 6 Mass. App. Ct. at 848-849, there is "nothing . . . to suggest that, because of its location in two municipalities having incompatible use regulations, the property is inaccessible or may not be put to any lawful use." She based the latter determination on the fact that there is presently a two-family structure on the Lowell portion of the property which is a legal nonconforming use and which could be improved or extended by special permit. The plaintiff now raises, relying on *SCIT, Inc.* v. *Planning Bd. of Braintree*, 19 Mass. App.

---

[3]The portion of the lot in Dracut could not, in fact, be used by itself for a parking lot as a principal use because the Dracut by-law requires 30,000 square feet and the portion of the plaintiff's lot located in Dracut consists of only 7,420 square feet. However, offstreet parking as accessory to a commercial use would be permitted.

Ct. 101 (1984), a new and circular argument, which, on the record before us, appears not to have been made below. It is therefore not properly before this court. See *Trustees of the Stigmatine Fathers, Inc.* v. *Secretary of Admn. & Fin.*, 369 Mass. 562, 565 (1976); *Anthony's Pier Four, Inc.* v. *HBC Assocs.*, 411 Mass. 451, 471 & n.25 (1991).

The plaintiff finally argues that the judge erred by refusing to consider his argument that the town had interpreted its by-law differently on prior occasions. The plaintiff made this contention in passing in his brief in support of his motion for summary judgment, with no supporting evidence or affidavits. After a hearing, the judge ruled for the town. The plaintiff then moved for reconsideration, asserting that factual issues were present which could not be resolved on summary judgment.

Alleged factual disputes must be adequately brought to the attention of the judge in connection with the summary judgment motion. *Berry* v. *Danvers*, 34 Mass. App. Ct. 507, 508 n.3 (1993). They must also be supported by affidavits or other supporting documents. See Mass.R.Civ.P. 56, 365 Mass. 824 (1974). "[B]are assertions and conclusions . . . are not enough to withstand a well-pleaded motion for summary judgment." *Polaroid Corp.* v. *Rollins Envtl. Servs. (NJ), Inc.*, 416 Mass. 684, 696 (1993). The judge properly denied the plaintiff's motion for reconsideration.

As the action is one for declaratory relief, the Land Court judge was required to make a declaration of the rights of the parties. *Boston* v. *Massachusetts Bay Transp. Authy.*, 373 Mass. 819, 829 (1977). Judgment is to be entered declaring that the provisions of the Dracut zoning by-law apply to that portion of the locus located within Dracut and that Dracut may prohibit the plaintiff from using the Dracut portion of the locus for a parking lot as an accessory use to a principal use in Lowell prohibited under the Dracut by-law.

*So ordered.*