Anthony Jackson *vs.* Commissioner of Correction & others.[1]

No. 94-P-456.

Worcester. November 16, 1995. - March 8, 1996.

Present: Brown, Laurence, & Lenk, JJ.

*Practice, Civil,* Summary judgment. *Imprisonment,* Access to religious services. *Administrative Law,* Regulations.

A Superior Court judge incorrectly ordered summary judgment in favor of the Department of Correction on an inmate's claim that the department's failure to enforce its religious programs and services regulations, 103 Code Mass. Regs. § 471, denied him access to religious services in violation of the inmate's statutory and constitutional rights, where on the record of the proceedings there remained genuine issues of material fact for resolution at trial. [128-131]

Civil action commenced in the Superior Court Department on April 12, 1993.

The case was heard by *Andrew Gill Meyer,* J., on a motion for summary judgment.

*Anthony Jackson,* pro se.

*Charles M. Wyzanski* for the Commissioner of Correction & others.

Lenk, J. Anthony Jackson, a State prisoner in the custody of the Massachusetts Department of Correction (department) and a practicing Muslim, brought suit against various department officials as well as against Awwal Abdur Raheem (Raheem), a Muslim chaplain employed by the department.

[1]The Department of Correction. The other defendants, named in their official and individual capacities, are Awwal Abdur Raheem, the "Muslim Chaplain" at the North Central Correctional Institute (NCCI); P.J. Chalapatas, the director of treatment at NCCI; Paul Raikey, the superintendent at NCCI; Peter Pepe, the superintendent at M.C.I., Norfolk.

Jackson's complaint, in essence, is as follows. He asserts that, as a Muslim, he must adhere to the mandates of the Koran which require attendance at Friday afternoon congregate religious services (Jumu'ah services) led by an Imam or Muslim religious leader. Jackson alleges that Imam Raheem, who was hired by the department to provide such services at the facility where Jackson is incarcerated, ceased to conduct Jumu'ah services there and that the department has neither required its employee Raheem to do so nor made other provisions for Imam-led Jumu'ah services at Jackson's facility despite his request therefor. Jackson claims that, accordingly, he has been denied access to religious instruction and congregate religious services in violation of his State and Federal constitutional rights to freedom of religion by virtue of the department's failure to enforce its religious programs and services regulations, 103 Code Mass. Regs. § 471 (1986), which have the force of law. This, Jackson alleges, violates G. L. c. 124, § 1(*q*); G. L. c. 127, § 32; art. II of the Declaration of Rights of the Massachusetts Constitution; and 42 U.S.C. § 1983.[2]

A Superior Court judge granted the defendants summary judgment on their motion to dismiss or, in the alternative, for summary judgment. The judge ruled that there were no genuine issues of material fact in dispute and that the defendants were entitled to judgment as a matter of law because Jackson sought relief which the court thought it could not give, i.e., orders involving religious matters which "are not a subject for court interference." Jackson appeals from this grant of summary judgment. We reverse because the record discloses genuine issues of material fact in dispute and does not establish the defendants' entitlement, at this juncture, to judgment as a matter of law.

The department acknowledges that, as required by statute, it has made and promulgated regulations concerning religious programs and services for inmates and that these require, inter alia, that the services of an institution chaplain (a paid department employee), who is to work under the direction of the superintendent's designee, are to be made available upon request at all institutions. 103 Code Mass. Regs. § 471.08(1) & (2) (1986). The regulations require the chaplaincy to be

---

[2]We express no view as to the merits of the plaintiff's State and Federal constitutional claims.

responsible for planning, developing, coordinating, implementing, and providing religious programs and services to inmates. 103 Code Mass. Regs. § 471.08(6) (1986). The regulations also require each facility to make reasonable efforts to establish and maintain religious activities and services for all inmates who are affiliated with recognized religions (such as the Muslim religion). 103 Code Mass. Regs. § 471.09(1) (1986). They require the superintendent and chaplaincy to make reasonable efforts to insure that "an accredited representative of an inmate's religious faith" is available to provide formal or informal services to inmates. 103 Code Mass. Regs. § 471.09(2) (1986). The department agrees that after Imam Raheem ceased working full time in the facility where Jackson is incarcerated and began to split his time between that facility and another, neither Raheem nor any other Imam conducts Friday Jumu'ah services at Jackson's institution. The department argues, however, that this does not violate the regulations because Friday Jumu'ah services, sans an Imam but conducted by a designee (presumably a Muslim inmate), are regularly available there and that this arrangement suffices.

The department contends that the Friday services now available at Jackson's institution satisfy the regulations, which do not specifically require that an Imam personally officiate at religious services but arguably permit "designees" to do so as well. The department contends that it is "providing" the requisite services by thus making non-Imam conducted services "available." The department relies solely on the "information and belief" of affiant Peter Chalapatas, the director of treatment at Jackson's facility (who never suggests that he is knowledgeable about the tenets of the Muslim religion), for the proposition that "Jumuah services need not be led by an ordained minister — as would a Catholic Mass — but can be conducted by any knowledgeable adherent of the Muslim faith. Indeed, the plaintiff himself would qualify to lead the service." The department does not offer the affidavit of Imam Raheem, any Muslim Imam, a scholar of Islam, or even that of an adherent of the Muslim religion, to counter the plaintiff's verified insistence, supported by portions of an annotated Koran, that an Imam is required for Friday Jumu'ah services, that such services are mandatory for Muslims, and that an inmate — a nonfree man — could never serve in such

a capacity. Indeed, the department proffers nothing concerning in what manner or by whom the "designee" who now conducts Friday services was designated to do so.

Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. *Cassesso* v. *Commissioner of Correction*, 390 Mass. 419, 422 (1983). *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 715 (1991). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, "and that the moving party is entitled to judgment as a matter of law." *Pederson* v. *Time, Inc.*, 404 Mass. 14, 16-17 (1989). Even if the department can be said to have offered adequate verified pleadings, Jackson effectively countered them and demonstrated that there are genuine issues of material fact which the parties dispute. Although the defendants contend that such matters are purely theological and thus not really factual, the defendants have not established through precedent or reasoned argument that the disputed matters in this case are not capable of satisfactory resolution, e.g., by expert testimony at trial. See, for example, *Commonwealth* v. *Nissenbaum*, 404 Mass. 575, 576 (1989) (Supreme Judicial Court made findings on the tenets and history of the Ethiopian Zion Coptic Church); *Primate & Bishops' Synod* v. *Russian Orthodox Church*, 35 Mass. App. Ct. 194, 197 (1993), *S.C.*, 418 Mass 1001 (1994), cert. denied, 115 S.Ct. 924 (1995), quoting from *Antioch Temple, Inc.* v. *Parekh*, 383 Mass. 854, 862 (1981), citing *Wheeler* v. *Roman Catholic Archdiocese of Boston*, 378 Mass. 58, 62 n.2, cert. denied, 444 U.S. 899 (1979) ("determination of a church's structure is a question of fact"). Indeed, Justice Brennan had no difficulty in asserting that Muslim Jumu'ah services "are comparable to the Saturday service of the Jewish faith and the Sunday service of the various Christian sects." *O'Lone* v. *Estate of Shabazz*, 482 U.S. 342, 360 (1987) (Brennan, J., dissenting).

There are other material factual disputes as well. The employment status of Raheem, what is required of him as to hours, location, compensation, duties and responsibilities, the terms of his employment, what services the department requires of its chaplains, what efforts the department has made to employ a Muslim chaplain available to perform Friday services at Jackson's institution — these all bear on

the department's asserted failure to require Raheem to perform his job responsibilities and its failure to comply with pertinent regulations.

On the record before us, we cannot conclude that the plaintiff would be unable to prove at trial that he was denied access to religious services and that the department failed to enforce duly promulgated regulations. Accordingly, we reverse the allowance of summary judgment and remand this matter to the Superior Court for further proceedings.

*So ordered.*