ROBERT J. KINCHLA, trustee, *vs.* BOARD OF APPEALS OF FALMOUTH. February 3, 1981. This is an appeal by the board of appeals of Falmouth (board) from a judgment of the Superior Court annulling the board's decision to deny a special permit to build an outdoor swimming pool adjacent to the Sheraton Inn in Falmouth, a motel owned and operated by Gifford Realty Trust. We reverse.

Under G. L. c. 40A, § 21, as in effect prior to St. 1975, c. 808, § 3, and its successor, G. L. c. 40A, § 17, a decision of the board "[could] be disturbed only if it [was] based on 'a legally untenable ground' . . . or [was] 'unreasonable, whimsical, capricious, arbitrary.'" *Gulf Oil Corp.* v. *Board of Appeals of Framingham*, 355 Mass. 275, 277 (1969). *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555 (1954). If reasonable minds could differ on the seriousness of a problem in relation to the issuance of a special permit, it was the board's decision, and not the court's, which was controlling. *Copley* v. *Board of Appeals of Canton*, 1 Mass. App. Ct. 821 (1973). *Dowd* v. *Board of Appeals of Dover*, 5 Mass. App. Ct. 148 (1977). *Subaru of New England, Inc.* v. *Board of Appeals of Canton*, 8 Mass. App. Ct. 483, 487-488 (1979).

While evidence presented (which, as is usual in these cases, substantially repeated the evidence before the board) to the court did not compel a conclusion that noise generated by people using the proposed pool would have an adverse effect on the neighborhood, it warranted such a conclusion, and the judge should not have substituted his judgment for that of the board's on that score. *Subaru*, at 487-488. It was the duty of the board to consider what adverse effects on the neighborhood the proposed used might produce. (See Falmouth zoning by-law, c. 401, § 21[E][2] [1978].) This is not a case where the board based its decision on a legally untenable ground (see , e.g., *Tambone* v. *Board of Appeals of Stoneham*, 348 Mass. 359 [1965]; *MacGibbon* v. *Board of Appeals of Duxbury*, 369 Mass. 512, 518-519 [1976]) or was arbitrary (see, e.g., *Mahoney* v. *Board of Appeals of Winchester*, 344 Mass. 598 [1962]). The board properly considered the future effect of the proposed pool on the neighborhood (*Humble Oil & Ref. Co.* v. *Board of Appeals of Amherst*, 360 Mass. 604, 606 [1971]; *Dowd* v. *Board of Appeals of Dover*, 5 Mass. App. Ct. at 154-155), and the evidence was not too speculative. *Dowd*,

at 154-155.  The applicant's argument that because Falmouth has an anti-noise by-law, the zoning by-law may not also be interpreted so as to regulate noise is without merit.  See *Hume* v. *Building Inspector of Westford*, 355 Mass. 179, 181 (1969).  The final judgment is reversed, and a judgment is to be entered declaring that the decision of the board did not exceed its authority.

*So ordered.*

The case was submitted on briefs.

*Steven Babitsky & Leo J. Dunn, III*, for the defendant.

*Richard J. Piazza, Maria J. Krokidas & Margot Botsford* for the plaintiff.