NICHOLAS B.[1] vs. SCHOOL COMMITTEE OF WORCESTER.

Worcester. November 6, 1991. - February 24, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*School and School Committee*, Enforcement of discipline. *Civil Rights*, Availability of remedy.

A school committee had authority to discipline a student who committed a battery on another student on a street near their school immediately after school had ended for the day. [21-22]

There was no merit to a student's claim that a school committee exceeded its disciplinary authority by expelling him from school rather than suspending him for an assault on another student. [22-23]

Judicial review of the actions of a school committee in imposing discipline on a student is based on the record before the school committee to determine whether the committee acted arbitrarily or capriciously, and de novo fact-finding is not required. [23]

A student seeking review of the actions of a school committee in imposing discipline failed, on the record before the school committee, to establish a violation of rights protected by the State Civil Rights Act; moreover, he failed on that claim to demonstate that the school committee had acted by threats, intimidation, or coercion, with the result that summary judgment was properly entered for the school committee. [24]

CIVIL ACTION commenced in the Superior Court Department on April 19, 1990.

The case was heard by *Herbert F. Travers, Jr.*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Russell S. Chernin* for the plaintiff.

*Mary Joann Reedy* (*Jon R. Maddox* with her) for the defendant.

---

[1]By his mother.

WILKINS, J. The plaintiff, whom we have given the pseudonym Nicholas B., appeals from a summary judgment that dismissed his challenge to disciplinary action that the defendant school committee took against him. We transferred his appeal to this court on our own motion.

On October 5, 1989, after hearing evidence in executive session, the school committee found that Nicholas had assaulted a fellow high school student "in violation of the policies, rules and codes of the Worcester Public Schools" and then voted "to expel [Nicholas] for the rest of the school year with a proviso that the case be reevaluated at the end of the school year."

There was evidence before the school committee that, on September 5, 1989, shortly after school was let out, Nicholas committed a battery on a fellow student on a public street near, but not on, school property. The battery was a product of planning by Nicholas and some friends that had occurred earlier that day on school property. The incident was also a continuation of a confrontation that had occurred on school grounds that day between Nicholas's group and a group of which the victim was a member.

Nicholas challenges (1) the school committee's authority to expel him from school for conduct that did not occur on school grounds or at a school event, (2) the motion judge's failure to permit a de novo determination of the facts, and (3) the motion judge's denial of his claim under the State Civil Rights Act (G. L. c. 12, §§ 11I and 11H [1990 ed.]). We reject all these contentions for reasons that are similar to those stated by the motion judge in his memorandum of decision granting summary judgment to the school committee.

1. We reject Nicholas's claim that, because it imposed discipline for conduct not described in its disciplinary rules, the school committee's conduct was arbitrary or capricious. On the facts of this case, the committee was not limited by the provisions of its rules in imposing discipline. School committees have wide discretion in school discipline matters. *Leonard* v. *School Comm. of Attleboro*, 349 Mass. 704, 708-709 (1965). A court will not reverse a school committee's deci-

sion unless the committee acted arbitrarily or capriciously. *Id.* at 711.

Nicholas first argues that his conduct did not fall within any prohibition of the school committee's disciplinary rules. Specifically, he contends that the assault for which the committee disciplined him did not occur on school grounds or at a school event off school grounds and that the prohibitions of the school committee's disciplinary rules apply only to conduct on school grounds or at a school event. We shall not pause to consider whether the disciplinary rules apply by their terms to a battery committed by one student on another student on a street near a school immediately after school has ended for the day, especially where the battery is the continuation of improper conduct that occurred on school grounds. We simply reject the premise of Nicholas's argument that, by artless rulemaking, the school committee has foreclosed itself from disciplining a student for violent conduct against another student in the circumstances of this case.[2]

The misconduct here was unquestionably improper, and Nicholas knew it. He needed no advisory rule to tell him that his conduct was seriously wrong and contrary to school policy. Based on facts that the school committee was warranted in finding, it had ample authority to discipline Nicholas.

Nicholas's claim that the school committee exceeded its authority under its rules by expelling him, rather than simply suspending him from school, also lacks merit. The school committee, for the reasons just given, did not tie its hands in this respect by a statement that bodily injury to a student in violation of its rules was grounds for suspension. In any event, the school committee in effect only suspended

---

[2]Federal courts concerned with challenges to school discipline have not required that a school department have a specific regulation prohibiting the conduct for which discipline was imposed. See *Richards* v. *Thurston*, 424 F.2d 1281, 1282 (1st Cir. 1970) ("we would not wish to see school officials unable to take appropriate action in facing a problem of discipline or distraction simply because there was no preexisting rule on the books"); *Hasson* v. *Boothby*, 318 F. Supp. 1183, 1187-1188 (D. Mass. 1970).

Nicholas for the 1989-1990 school year. According to the parties' briefs, he was readmitted in June, 1990, to a summer session. Therefore, by the time summary judgment was entered in October, 1990, the question was moot whether the school committee could not expel Nicholas but could only suspend him.

2. We reject Nicholas's claim that he is entitled to an independent judicial determination of the facts and that, therefore, by affidavit in the Superior Court, he put in contention anew material facts concerning the battery that, on the evidence before it, the school committee had been warranted in finding against him. In deciding whether the discipline imposed was lawful, no de novo judicial fact-finding is required. See *School Comm. of Brockton* v. *Teachers' Retirement Bd.*, 393 Mass. 256, 262-263 (1984). Judicial review is on the record before the school committee to determine whether the committee acted arbitrarily or capriciously.

Although Nicholas disagrees with the school committee's factual conclusion that he committed a battery on another student, in his brief here he does not challenge as legally unsound the process in which the school committee established what the factual record before it was.[3] That process would have been greatly aided, however, if the school committee had recorded electronically (or otherwise) the testimony given in its executive session. In future disciplinary proceedings, on timely request, a school administration should maintain such a record and might be well advised to do so on its own motion.

3. The motion judge did not err when he allowed the school committee's motion for summary judgment with re-

---

[3]In support of its motion for summary judgment, the school committee submitted the handwritten notes of its clerk; a typed, expanded summary made from her notes; minutes of the committee's executive session and subsequent open meeting; affidavits from the victim, from the chairman of the school committee and other school officials, from a student eyewitness to the battery who also presented an admission to the battery by Nicholas, and from a school administrator who acted as interpreter for Nicholas's mother, who does not speak English.

spect to Nicholas's claim of a violation of G. L. c. 12, § 11I. We reject any suggestion that, by enacting the State Civil Rights Act, the Legislature intended a de novo review of the factual determinations of a school committee in an action challenging school discipline. The Supreme Court of the United States reached a parallel conclusion in *Wood* v. *Strickland*, 420 U.S. 308, 326 (1975), overruled on other grounds, *Harlow* v. *Fitzgerald*, 457 U.S. 800 (1982), in an action brought under 42 U.S.C. § 1983 (1988). Nicholas has failed, on the record before the school committee, to establish a violation of rights protected by the State Civil Rights Act.

Moreover, on the uncontroverted material facts, Nicholas has failed to put in contention the requirement of § 11I that the alleged interference with his rights must have occurred by threats, intimidation, or coercion. The school committee's allegedly unlawful action here was direct and immediate. Even if that action had been unlawful, it contained no threat, intimidation, or coercion. See *Longval* v. *Commissioner of Correction*, 404 Mass. 325, 333-334 (1989); *Pheasant Ridge Assoc. Ltd. Partnership* v. *Burlington*, 399 Mass. 771, 781 (1987).

*Judgment affirmed.*