# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

PETER DOE[1] & another[2] *vs.* SUPERINTENDENT OF
SCHOOLS OF STOUGHTON & another.[3]

Norfolk. April 4, 2002. - May 16, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*School and School Committee,* Enforcement of discipline, Superintendent of
schools. *Constitutional Law,* Education. *Administrative Law,* Judicial
review.

A town's superintendent of schools acted within his discretion in suspending a
high school student pursuant to G. L. c. 71, § 37H ½, the statute provid-
ing for the suspension of students who have been charged with felonies,
where the superintendent's finding that the student's attendance at school
would have a detrimental effect on the general welfare of the school was
supported by evidence in the record, and where the student's parents had

[1]Parent and next friend of his minor child, John Doe.
[2]Mary Doe, as parent and next friend of her minor child, John Doe.
[3]School committee of Stoughton.

received notice both of hearings before the principal and the superintendent, and of the felony charges involving the student's engaging in deviant sexual conduct with a six year old child that formed the basis of the student's possible expulsion. [4-7]

CIVIL ACTION commenced in the Superior Court Department on November 19, 2001.

The case was heard by *Janet L. Sanders*, J., on motions for judgment on the pleadings.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jonathan M. Silverstein* (*Michael J. Long* with him) for the defendants.

*Jonathan D. White* (*Glen Hannington* with him) for the plaintiffs.

The following submitted briefs for amici curiae:

*Michael J. Long* for Massachusetts Association of School Superintendents.

*Stephen J. Finnegan & Roger Dowd* for Massachusetts Association of School Committees.

COWIN, J. This is an appeal from the Superior Court's determination that Stoughton school authorities acted arbitrarily and capriciously in suspending a student pursuant to G. L. c. 71, § 37H ½, the statute providing for the suspension of students who have been charged with felonies.[4] The principal of Stoughton High School suspended John Doe after learning that he had been charged with indecent assault and battery on a child under the age of fourteen years, and rape and abuse of a child. The principal's decision was based on these felony charges and his determination that John's attendance at school posed a threat to the safety, security and welfare of the students at Stoughton High School. The superintendent of Stoughton public schools upheld the principal's determination, and John's parents sought

---

[4]General Laws c. 71, § 37H ½, provides, in part:

"Upon the issuance of a criminal complaint charging a student with a felony or upon the issuance of a felony delinquency complaint against a student, the principal or headmaster of a school in which the student is enrolled may suspend such student . . . if said principal or headmaster determines that the student's continued presence in school would have a substantial detrimental effect on the general welfare of the school . . . ."

judicial review of that decision in the Superior Court. A judge in the Superior Court concluded that the superintendent's decision was an abuse of discretion, and permanently enjoined school authorities from prohibiting John's attendance at Stoughton High School. We reverse. Judgment is to enter for the defendants.

1. *Facts and procedural background.* John Doe, a fifteen year old freshman student at Stoughton High School, was charged with sexually assaulting a six year old child in a garage during the prior summer. On learning of the charges, the principal of Stoughton High School sent John's parents a letter notifying them that he would hold a hearing to consider John's possible expulsion based on the felony charges that had been filed against him by the Stoughton police department.[5]

The record before the principal included the narrative police reports of two officers of the Stoughton police department. The reports indicate that John admitted to sodomizing a six year old child with his finger and a piece of pipe. He described the incident to the officers as a "joke." In addition, the principal considered John's first quarter grade report and disciplinary record. Although John's grades were poor, his record did not indicate prior disciplinary problems during his brief time at Stoughton High School. The principal notified the parents by letter of his decision to exclude John from school pending the resolution of the charges, stating that "[John] poses a threat to the safety, security and welfare of the Stoughton High School community," and that the principal could not "risk the possibility that a similar occurrence might take place within the High School" by allowing John to return.

John's parents appealed from the principal's decision to the superintendent of Stoughton public schools. The superintendent, after holding a hearing on the matter, upheld the principal's decision. No evidence other than that before the principal was presented at the hearing before the superintendent. John's parents then filed a verified complaint and a motion for preliminary injunctive relief in the Superior Court, challenging as arbitrary and capricious the superintendent's decision to uphold John's suspension, and seeking an order reinstating him as

---

[5]Ultimately, the principal suspended John rather than expel him.

a student at Stoughton High School. The Superior Court denied the preliminary injunction motion, concluding that the plaintiffs had no likelihood of success on the merits.

The parties submitted cross motions for judgment on the pleadings. Based on the same record submitted on the preliminary injunction motion, another judge concluded that the superintendent's decision to suspend was an abuse of discretion. She concluded that G. L. c. 71, § 37H ¹/₂, "makes clear . . . that criminal charges alone are not sufficient to justify a student's suspension from school," and that the statute requires a finding that the "student's continued presence in school would have a substantial detrimental effect on the general welfare of the school." The judge determined that the superintendent's decision was an abuse of discretion because there was "no evidence that John's presence at the school had any negative effect on the school population." The judge permanently enjoined school authorities from prohibiting John's attendance at Stoughton High School.

Prior to the entry of final judgment, the superintendent filed a petition for interlocutory relief with a single justice of the Appeals Court pursuant to G. L. c. 231, § 118, first par., requesting a stay of the Superior Court's order pending appeal. The single justice granted the stay, noting that "the defendants have a strong argument that it was not arbitrary or capricious for the school authorities to determine that John Doe posed a risk to the safety of the school community." We transferred the case here on our own motion.

2. *Discussion.* General Laws c. 71, § 37H ¹/₂, authorizes the suspension of students who have been charged with felonies. G. L. c. 71, § 37H ¹/₂. The statute specifies that the principal or headmaster makes the initial decision to suspend, and must provide the student with written notification and a hearing before any suspension may take effect. *Id.* A felony charge alone is not sufficient basis for imposing suspension; the statute also requires a determination that "the student's continued presence in school would have a substantial detrimental effect on the general welfare of the school." *Id.* The student has the right to appeal from the principal's determination to the superintendent. *Id.*

Because the statute does not provide a particular method of seeking judicial review of the superintendent's decision, an aggrieved party may seek relief under G. L. c. 249, § 4. *Reading v. Attorney Gen.*, 362 Mass. 266, 271 (1972). That standard of review varies according to the nature of the action for which review is sought. *McSweeney* v. *Town Manager of Lexington*, 379 Mass. 794, 800 (1980), and cases cited. *Boston Edison Co.* v. *Boston Redevelopment Auth.*, 374 Mass. 37, 48-49 (1977).

Although we have yet to decide the appropriate standard of review of a superintendent's decision to suspend a student under G. L. c. 71, § 37H 1/2, we have always accorded school officials substantial deference in matters of discipline. *Doe* v. *Superintendent of Schs. of Worcester*, 421 Mass. 117, 128 (1995) (interpreting G. L. c. 71, § 37H). *Nicholas B.* v. *School Comm. of Worcester*, 412 Mass. 20, 21 (1992) ("School committees have wide discretion in school discipline matters"). *Leonard* v. *School Comm. of Attleboro*, 349 Mass. 704, 709 (1965). Students have an important interest in public education, but we have recognized that "educational opportunities can be lost by students as a result of their actions." *Doe* v. *Superintendent of Schs. of Worcester, supra* at 130-131. School officials have a duty to "provide a safe and secure environment in which all children can learn." *Id.* at 131. Because school officials are in the best position to determine when a student's actions threaten the safety and welfare of other students, we must grant school officials substantial deference in their disciplinary choices. Thus, we will overturn a superintendent's decision to suspend a student only if it is arbitrary and capricious, so as to constitute an abuse of discretion. *Nicholas B.* v. *School Comm. of Worcester, supra* at 21-22. Although this is an appeal from a Superior Court determination, we review the record before the superintendent to determine whether the decision is arbitrary or capricious without giving the view of the Superior Court judge any special weight. *Southern Worcester County Regional Vocational Sch. Dist.* v. *Labor Relations Comm'n*, 377 Mass. 897, 903 (1979).[6]

Reversal of the superintendent's decision is warranted only if

---

[6]The decision of the Superior Court judge is given no deference because it is a ruling of law. It is not a finding and involves no view of the evidence or credibility determinations. Nor does it involve an application of expertise, as

it "lacks any rational explanation that reasonable persons might support." *Fire Chief of E. Bridgewater* v. *Plymouth County Retirement Bd.*, 47 Mass. App. Ct. 66, 69 (1999), quoting *Cambridge* v. *Civil Serv. Comm'n*, 43 Mass. App. Ct. 300, 303 (1997). A decision is not arbitrary and capricious if "reasonable minds could differ" on the proper outcome. *Kinchla* v. *Board of Appeals of Falmouth*, 11 Mass. App. Ct. 927, 927 (1981). It is not the place of a reviewing court to substitute its own opinion for that of the superintendent. *Id.* We will affirm the superintendent's decision if it is rational.

The plaintiffs argue that, in reviewing the propriety of the suspension, we may not consider an affidavit by the superintendent stating, inter alia, that Stoughton High School is located on the same premises as the elementary and middle schools. The superintendent filed the affidavit in the proceeding before the single justice of the Appeals Court in support of his petition to stay the Superior Court's order, but nothing in the record of the hearing before the superintendent indicates that the superintendent relied on the location of the schools in reaching his decision. Judicial review under G. L. c. 249, § 4, is limited to the record before the administrative agency or official below. See *Boston Edison Co.* v. *Boston Redevelopment Auth.*, *supra* at 74 n.28. The superintendent could have been cognizant of the location of the schools to support a concern that younger children would be endangered by John's presence at the high school. We need not consider that he made no mention of this factor because his decision is fully supported.

Nevertheless, the absence of the information contained in the affidavit is not fatal. Even without it, the superintendent's determination is within his discretion. We agree with the Superior Court judge's interpretation of G. L. c. 71, § 37H ½: more than a felony charge is required to impose suspension. The superintendent, however, made the necessary finding that John's attendance at school "would have a substantial detrimental effect on the general welfare of the school," G. L. c. 71, § 37H ½, and this finding is supported by the evidence

do decisions of administrative agencies rendered pursuant to G. L. c. 30A. Cf. *Belhumeur* v. *Labor Relations Comm'n*, 432 Mass. 458, 462-464 (2000), cert. denied, 532 U.S. 904 (2001).

in the record. The statute does not prohibit the principal from drawing an inference of detrimental effect based on the nature of the crime alone. The crime at issue in this case is particularly troublesome. The police reports provided evidence that John engaged in deviant sexual conduct with a young child. Further, not only did John fail to express remorse for his conduct; he sought to explain the incident as "a joke." Given the nature and seriousness of the allegations, John's admitted participation in the crime, and his lack of remorse or appreciation for the gravity of his actions, the principal reasonably concluded that there was a danger John might attempt to engage in similar behavior with his fellow students.

John's parents argue cursorily that the notice and statement of reasons provided by the principal was insufficient to meet the requirements of G. L. c. 71, § 37H ½. The parents' treatment of this issue does not rise to the level of appellate argument. See *Adoption of Kimberly*, 414 Mass. 526, 536-537 (1993) (three-sentence argument without meaningful citation to authority does not rise to level of acceptable appellate argument). In addition, the parents have waived these procedural arguments by failing to raise them before the Superior Court. *Budish* v. *Daniel*, 417 Mass. 574, 577 n.5 (1994). However, even absent a waiver, we conclude that the proceedings before the principal met the procedural requirements of G. L. c. 71, § 37H ½. The parents received notice of the hearings before both the principal and the superintendent. The principal's notice clearly alerted the parents that the felony charges formed the basis of John's possible expulsion. The parents claim that the principal's letter informing them of his decision to suspend was defective because it was "silent as to the required determination of the substantial detrimental effect of [John's] presence at school." However, in his letter, the principal explicitly stated that his determination was based on the police reports that led him to the conclusion "that [John] poses a threat to the safety, security and welfare of the Stoughton High School community." General Laws c. 71, § 37H ½, requires only that "the student . . . receive written notification of the charges and the reasons for such suspension prior to such suspension taking effect." The procedures followed in this case clearly meet the statute's requirements.

3. *Conclusion.* Because the superintendent acted within his discretion in suspending John, we reverse the judgment of the Superior Court. The case is remanded to the Superior Court where judgment is to be entered for the defendants.

*So ordered.*