## NORTHBORO INN, LLC *vs.* TREATMENT PLANT BOARD OF WESTBOROUGH.

No. 01-P-1476.

Worcester. April 8, 2003. - July 31, 2003.

Present: GRASSO, DREBEN, & MILLS, JJ.

*Practice, Civil,* Relief in the nature of certiorari. *Sewage Disposal. Municipal Corporations,* Sewers. *Administrative Law,* Judicial review. *Contract,* Construction of contract. *Consumer Protection Act,* Availability of remedy, Public utility, Trade or commerce.

On appeal from a Superior Court determination in a proceeding in the nature of certiorari, asserting abuse of discretion by a waste treatment plant board, this court concluded that the board did not act in an arbitrary or capricious manner in denying a property owner's application for entry into a waste treatment district serving the towns of Westborough and Shrewsbury, where the property owner (the operator of an inn on a parcel of land situated primarily in Northborough that overlapped into Shrewsbury) was not entitled to entry as of right into the district as the inn was not property "within . . . Shrewsbury" within the meaning of the intermunicipal agreement establishing the district [674-675], and where, absent specific authorizations from the boards of selectmen of both Westborough and Shrewsbury, the treatment plant board had no discretionary authority to permit the property owner's entry into the district [675-676].

A Superior Court judge did not err in dismissing a property owner's G. L. c. 93A claim against a municipal waste treatment plant board, arising from the board's denial of the property owner's application for entry into the treatment district, where, given the predominantly public motivation for both the construction of the waste treatment facility and the charging of fees, the board was not acting in a business context and thus was not engaged in trade or commerce as required by G. L. c. 93A. [676-677]

A Superior Court judge did not abuse his discretion by failing to hold a municipal waste treatment plant board to the consequences of not responding to a Mass. R. Civ. P. 36(b) request for admission that the board had acted arbitrarily and capriciously in denying a property owner's request to join a certain waste treatment district, where such an admission would have been meaningless in a context in which the board lacked any authority or discretion to permit entry into the district. [677]

CIVIL ACTION commenced in the Superior Court Department on February 17, 2000.

The case was heard by *Francis R. Fecteau,* J., on motions for summary judgment.

*John H. Perten* for the plaintiff.

*Margaret J. Hurley* for the defendant.

GRASSO, J. The plaintiff, Northboro Inn, LLC (Inn), appeals from a Superior Court judgment affirming the denial of its application for entry into the district served by the Westborough treatment plant (plant). The Inn argues that (1) it is entitled to be served as of right and that the Westborough treatment board (board) acted in an arbitrary and capricious manner in denying its application, (2) the judge erred in dismissing its G. L. c. 93A claim against the board, and (3) the judge erred in relieving the board from its failure to respond to a request for admission. See Mass.R.Civ.P. 36, 365 Mass. 796 (1974). We affirm.

*Background.* The board is a municipal entity established pursuant to St. 1979, c. 412, an act that authorized the towns of Westborough and Shrewsbury to enter into an intermunicipal agreement for the joint treatment of sewage. Pursuant to this authorization, in 1979 these towns entered into an "Agreement" for the construction and operation of the Westborough treatment plant.[1] Central to the Agreement was the following language in art. 1(a):

> "[The Treatment Plant] shall treat and dispose of all sanitary and other wastes lawfully discharged into the sewers tributary thereto or otherwise lawfully conveyed to the Treatment Plant for treatment and disposal.

> "[The Treatment Plant] shall serve all of the area within Westborough and all of the area within Shrewsbury. Except as may be provided pursuant to these Articles, no properties, other than those situated within Westborough and Shrewsbury, shall be served by the Treatment Plant and its appurtenant facilities."

In 1984, to allow the town of Hopkinton to discharge its wastewater into the district for treatment, the towns, by their boards of selectmen, amended the Agreement by altering the governing language in art. 1(a) to provide:

---

[1] The Agreement provides for a board consisting of six members, three from each town who are appointed by, and removable by, the board of selectmen of the particular town.

"[The Treatment Plant] shall serve all of the area within Westborough and all of the area within Shrewsbury. Except as may be provided pursuant to these Articles, no properties other than those situated within Westborough and Shrewsbury shall be served by the Treatment Plant and its appurtenant facilities, *except other properties and municipalities may be served if specific authorization has been received from the Towns of Westborough and Shrewsbury*" (emphasis added, indicating new language).

The amendment further specified that "The Board may contract with the Town of Hopkinton . . . to treat and dispose of the wastewater of the Town of Hopkinton, not to exceed 400,000 gallons per day . . . . The Town of Hopkinton shall be the last Town to tie into the Plant."

The Inn operates a hotel and restaurant on a parcel of land situated primarily in Northborough that overlaps into Shrewsbury.[2] All of the Inn's buildings and facilities are located in Northborough. The Inn purchases its water from Shrewsbury. In 1996, the town of Northborough informed the Inn that its septic system was discharging effluent to the surface and was "in non-compliance with Title 5." Because of the unique topography and geology of the site, the Inn could not upgrade the system, and weekly pumping soon became prohibitively expensive.

An apparent solution to the Inn's sewage problem appeared within reach. Only twenty feet from the Shrewsbury boundary of the Inn's property lies a pumping station for Shrewsbury's municipal sewage system that connects to the plant. On October 8, 1999, the Inn filed an application for entry into the district served by the plant. The Inn maintained that it was entitled as of right to have its waste treated by the plant because a portion of the entire parcel on which the Inn's facilities lay and upon which the Inn paid taxes was in Shrewsbury. In support of its contention, the Inn cited art. 1(a) of the Agreement, which states that the plant "shall serve all of the area within Westborough and all of the area within Shrewsbury."

At the board's suggestion, the Inn obtained preliminary ap-

---

[2]The Inn's parcel is 2.4 acres; of that, approximately .207 acres is located in Shrewsbury, on a sliver of land approximately twenty feet wide.

proval from the Shrewsbury sewer commissioners for connection to the nearby Old Shrewsbury Village pumping station.[3] On January 19, 2000, the board voted two-two to deny the application.[4] The Inn sought review in the Superior Court. In preliminary proceedings, the judge dismissed counts seeking review of an administrative determination (see G. L. c. 30A, § 14) and damages under G. L. c. 93A. Subsequently, on cross motions for summary judgment[5] on the remaining action in the nature of certiorari, see G. L. c. 249, § 4, the judge allowed the board's motion and denied the Inn's.

1. *Certiorari.* Our review under G. L. c. 249, § 4, "is limited to correcting 'substantial errors of law that affect material rights and are apparent on the record.' " *Gloucester* v. *Civil Serv. Commn.*, 408 Mass. 292, 297 (1990), quoting from *Debnam* v. *Belmont*, 388 Mass. 632, 635 (1983). "The question for the judge in the Superior Court was, and for us is, whether, on the basis of the . . . evidence before [it], the [board] substantially erred in a way that materially affected the rights of the parties." *Ibid.* Otherwise put, we "examine[] the [board's] action to determine whether it was authorized by the governing statute — here [the Agreement signed by the respective towns' boards of selectmen] — in light of the facts." *Fafard* v. *Conservation Commn. of Reading*, 41 Mass. App. Ct. 565, 568 (1996).

In an appeal from a Superior Court determination in a certiorari action asserting, inter alia, abuse of discretion by a board, we review the record to determine whether the board's decision is arbitrary or capricious "without giving the view of

---

[3]The Agreement provided that "Nothing contained in this agreement shall be interpreted to authorize the Board to construct, operate and maintain the local sewerage system of either town." One condition of the Shrewsbury sewer commission's preliminary approval was payment of sewer usage costs at the rate for out-of-town customers.

[4]The board's by-laws provide that official actions require four votes affirming or denying the action, thus insuring that the approval of only one town's members does not suffice.

[5]We note that summary judgment procedure, raising as it does the question whether there is a triable issue of fact, is not germane to a proceeding pursuant to G. L. c. 249, § 4. See *Gloucester* v. *Civil Serv. Commn.*, 408 Mass. 292, 296-297 (1990). The proper procedure in a G. L. c. 249, § 4, case is a motion for judgment on the pleadings. See Mass.R.Civ.P. 12(c), 365 Mass. 756 (1974); Superior Court Standing Order 1-96, as amended (1999).

the Superior Court judge any special weight." *Doe* v. *Superintendent of Schs. of Stoughton*, 437 Mass. 1, 5 (2002). "The decision of the Superior Court judge is given no deference because it is a ruling of law. It is not a finding and involves no view of the evidence or credibility determinations. Nor does it involve an application of expertise as do decisions of administrative agencies rendered pursuant to G. L. c. 30A." *Id.* at 5 n.6.

Here, under the governing intermunicipal Agreement, as amended, the Inn is not entitled to enter the district of right, and absent specific authorizations from the boards of selectmen of both Westborough and Shrewsbury, which authorizations were lacking, the board had no discretionary authority to permit the Inn entry into the district. Cf. *Goldie's Salvage, Inc.* v. *Board of Selectmen of Walpole*, 31 Mass. App. Ct. 726, 733 (1992) (no error of law or abuse of discretion in refusal to issue license where evidence supported selectmen's conclusion that applicant failed to comply with provisions required by statute).

a. *Entry as of right.* As the motion judge recognized, the governing intermunicipal Agreement is particular in its jurisdictional focus. The Agreement both requires and limits service to properties "situated within" Westborough and Shrewsbury.[6] Here, the great preponderance of the Inn's land and all of its buildings, where all the waste designated for treatment is generated, are situated in Northborough not Shrewsbury.

We reject the Inn's contention that, because a small portion of its property lies in Shrewsbury and the Agreement provides that "[The Plant] shall serve all of the area within Westborough and all of the area within Shrewsbury," it is entitled to entry into the district as of right. This general language must be construed in the context of the agreement's more specific limiting language that "no properties other than those situated within [the towns] shall be served." "The object of the court is to construe the contract as a whole, in a reasonable and practical

---

[6]As noted, permission for Hopkinton to enter the district arose by way of amendment, entered by both towns' selectmen, that further specified that service of "other properties or municipalities" would require "specific authorization" from both towns. The Agreement did not delegate this power of authorization to the towns' board members. Hence, to bind the town, such authorization would have to come from its board of selectmen, not merely from one or more of its board members.

way, consistent with its language, background, and purpose." *USM Corp.* v. *Arthur D. Little Sys., Inc.*, 28 Mass. App. Ct. 108, 116 (1989). See *Starr* v. *Fordham*, 420 Mass. 178, 190, 192 (1995). We agree with the Superior Court judge's observation that, "[w]hile the Agreement does not explicitly state that such wastewater be generated in Westborough or Shrewsbury, such a requirement is a logical and implicit conclusion."[7]

Nor does the fact that the Inn obtained approval from the Shrewsbury sewer commissioners to tie into the Shrewsbury sewer system compel the board to treat the Inn's sewage by virtue of the Agreement's language that it "shall treat and dispose of all sanitary and other wastes lawfully discharged into the sewers tributary thereto . . . ." To compel the plant to treat the Inn's waste because the Shrewsbury sewer commissioners allowed a connection to a Shrewsbury pumping station would conflict with the requirement of the 1984 amendment that properties and municipalities other than those in Shrewsbury and Westborough may be served only if specific authorization has been received from both the towns of Westborough and Shrewsbury. The amended Agreement's requirement of unanimity of approval from both towns for entry by "other properties and municipalities" would clearly be frustrated were approval of the sewer commission of only one of the participating municipalities determinative of the right of a nonparticipating property or municipality to enter the treatment district. In sum, the Inn is not entitled to enter into the district as of right because its hotel and restaurant are not property "within . . . Shrewsbury" within the meaning of the Agreement.

b. *Entry in the board's discretion.* The Inn fares no better under that portion of the amended intermunicipal Agreement providing that "other properties . . . may be served if specific

---

[7]We also agree with the motion judge that, while not dispositive, cases involving zoning disputes over lots split between two different municipalities' zoning districts are instructive. See, e.g., *Beale* v. *Planning Bd. of Rockland*, 423 Mass. 690, 698 (1996); *Burlington Sand & Gravel, Inc.* v. *Harvard*, 26 Mass. App. Ct. 436, 439 (1988). Participation restrictions in intermunicipal agreements might be easily circumvented were a developer whose waste-generating facilities lay in a municipality not served by the sewage treatment district able to compel treatment by the mere expedient of purchasing a small sliver of land within the district and adjoining the primary development parcel.

authorization has been received from the Towns of Westborough and Shrewsbury." Under this provision, the board's discretion to permit entry into the district is limited in the first instance by the requirement of specific authorization from both the towns of Westborough and Shrewsbury. Because there were no such specific authorizations, the board did not even possess the authority, much less the discretion, to permit entry. Not possessing the discretion to permit entry into the district, the board could not have abused its discretion in denying the Inn's application. See *Doe* v. *Superintendent of Schs. of Worcester,* 421 Mass. 117, 126 (1995) (for decision to be abuse of discretion it must properly be matter of discretion).

2. *Chapter 93A.* The Inn argues that its G. L. c. 93A complaint was improperly dismissed. See Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). In light of our conclusion that the board had no authority to grant permission to the Inn to enter the district, we also fail to see how the board's denial of entry would violate G. L. c. 93A.

In any event, our courts have "repeatedly held that c. 93A does not apply to parties motivated by 'legislative mandate, not business or personal reasons.' " *Peabody N.E., Inc.* v. *Marshfield,* 426 Mass. 436, 440 (1998), quoting from *Poznik* v. *Massachusetts Med. Professional Ins. Assn.,* 417 Mass. 48, 52 (1994), quoting from *Barrett* v. *Massachusetts Insurers Insolvency Fund,* 412 Mass. 774, 777 (1992). See *Morton* v. *Hanover,* 43 Mass. App. Ct. 197, 205-206 (1997) (chapter does not apply when municipal entities do not engage in trade or commerce). The board is a government entity, established pursuant to St. 1979, c. 412, and responsible "for the construction, maintenance, operation and administration of the Westborough treatment plant." The board is funded through appropriation from Westborough; neither the enabling act nor the Agreement directs that the plant operate as a profit generating entity. Moreover, the Agreement provides that the board shall apportion operation and maintenance costs between the two towns with these costs then defrayed by the fees charged to the town of Hopkinton. In sum, the plant is legislatively authorized for a public purpose and its entire financial structure is designed not to generate profit for the facility or the member towns, but to

defray the costs of constructing, operating, and maintaining the facility. See *Peabody N.E., Inc.* v. *Marshfield*, 426 Mass. at 440. "Given the predominantly public motivation for both the construction of the [waste treatment] facility and the charging of fees . . . the [defendant] was not acting 'in a business context' . . . and thus was not engaged in 'trade or commerce' as required by G. L. c. 93A." *Id.* at 440-441. There was no error in dismissing the c. 93A claim.

3. *Rule 36.* We reject the Inn's contention that the motion judge abused his discretion when he failed to hold the board to the consequences of not responding to a rule 36 request for admission that the board had acted arbitrarily and capriciously in denying the Inn's application. We view a rule 36 request as inapposite to the certiorari review presented for decision. See *Goldie's Salvage, Inc.* v. *Board of Selectmen of Walpole*, 31 Mass. App. Ct. at 733-734 & n.12. See also Superior Court Standing Order 1-96, as amended (1999). Even were this not so, the judge possessed the authority to disregard the defendant's failure to respond to a request. See *Reynolds Aluminum Bldg. Prod. Co.* v. *Leonard*, 395 Mass. 255, 260 (1985). See also Mass.R.Civ.P. 36(b). Nor was the judge bound by a different judge's denial of the board's motion for an order protecting it from failing to respond. The denial was not "law of the case," binding upon the deciding judge. See *Goulet* v. *Whitin Mach. Works, Inc.*, 399 Mass. 547, 553-554 (1987). Contrast *King* v. *Driscoll*, 424 Mass. 1, 7-8 (1996). An admission that the board had acted in an arbitrary and capricious manner is meaningless in a context where the board lacked any authority or discretion to permit entry into the district.

*Judgment affirmed.*