Leibensperger, Edward P., J.
Plaintiff, Robert Doe, is a nineteen-year-old male who attended Weston High School. He graduated in the spring of 2012 and now attends college. He sues the Town of Weston, its school district, the superintendent, the principal, the assistant principal and the members of the school committee (referred to collectively as “Weston” or “the school”) because, during his junior and senior year at Weston High School, he was assigned “Saturday School” (a form of detention) for arriving tardy to school on numerous occasions and, when he refused to show up for Saturday School, was given a one-day suspension. Doe contends, in a complaint with 83 paragraphs and 50 attached exhibits, that his constitutional rights were violated by Weston and that he should be awarded compensatory and punitive damages, as well as equitable relief. For the reasons stated below, Weston’s motion to dismiss is ALLOWED.
BACKGROUND
The following is a summary of facts taken from the complaint and the exhibits attached thereto. Additional facts from the complaint and exhibits will appear in the discussion.
The battle in this case[2] began on January 25,2011, when Doe’s father received notice from the school that Doe had “unexcused tardies” on six dates in the previous three months. As a result, pursuant to the school’s Student/Parent Handbook, Doe was assigned to attend Saturday School for four hours on January 29, 2011. The notice indicated that Doe could appeal the decision to impose Saturday School to the building principal. Doe’s father immediately exercised the right to appeal and informed the school that he had telephoned the school on the dates when Doe was tardy and left messages. The messages asked that Doe be excused from being tardy but did not, according to *7 Weston, comply with the school’s Handbook. The Handbook requires a parent to provide, in order for a tardy to be excused, a “reason for the absence, late arrival or dismissal.” The Handbook goes on to list eight “circumstances” that are accepted for an excused tardy including illness, doctor visit, bereavement, etc.
The dispute then centered on Weston’s insistence that a reason be given for Doe being tardy. Doe’s father asserted that requiring a reason amounted to an invasion of privacy for both Doe and his family. Doe, his father and Weston locked into their positions. Over the next months until May 2012, when Doe graduated, Doe continued to be tardy on occasion. The school continued to assign Doe to Saturday School detentions as a result of the tardy events. Doe was given a right to appeal the assignments to Saturday School. The tardy events were not excused because Doe and his father refused to provide a reason to Weston for the tardiness. Doe refused to attend the Saturday School assignments. Nowhere in the complaint is it alleged that Doe actually went to Saturday School and at oral argument the parties confirmed that Doe did not attend the Saturday School assignments. Doe and his father were notified by the school that failure to attend Saturday School “will result in a one day out of school suspension.”
The school’s response to Doe refusing to attend Saturday School was to issue notice of a one-day suspension of Doe. This happened, according to the complaint, on three occasions: April, May and December 2011, respectively. The complaint alleges that Doe served a suspension on April 12, 2011 and May 27, 2011. There is no specific allegation that the suspension noticed in December 2011 ever occurred.[3] In fact, when the exhibits to the complaint are taken into account, the allegation of serving a suspension on April 12, 2011 is contradicted.[4] This has some importance because one of Doe’s complaints in this action is that he was suspended without procedural due process. In contrast to that conclusoiy allegation, the complaint and exhibits demonstrate that Doe was given notice of the suspensions, an opportunity to be heard, to be represented by counsel and to appeal. In fact, hearings were held in May 2011, and March 2012, by the superintendent with respect to each notice of suspension. The superintendent affirmed the suspensions and, according to the complaint, a one-day suspension of Doe occurred on May 27, 2011.
The complaint and attachments demonstrate beyond doubt that Doe received more than adequate due process with respect to the assignments to Saturday School and the suspensions. There was never any significant dispute of facts with respect to Doe’s tardiness and the failure to provide an excuse. At all times, the only issue was the requirement of the school to have a reason stated in order to excuse the tardiness and the refusal by Doe and his father to provide a reason. Doe’s father also contended that it was unfair to punish Doe for the action (the refusal to provide a reason) of the father. This contention overlooks the fact that it was Doe, himself, who was tardy without a reason.
DISCUSSION
Standard for Motion to Dismiss
A motion to dismiss for failure to state a claim upon which relief may be granted under Mass.R.Civ.P. 12(b)(6) permits “prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiffs claim is legally insufficient.” Harvard Crimson, Inc. v. President & Fellows of Harvard Coll., 445 Mass. 745, 748 (2006). To survive a motion to dismiss, a complaint must set forth the basis for the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief ...” Id., quoting Bell Atl. Corp., 550 U.S. at 557. The Court, must, however, accept as true the allegations of the complaint and draw every reasonable inference in favor of the plaintiff. Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).
The court takes into consideration the allegations in the complaint “although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint, also may be taken into account.” Schaer v. Brandeis University, 432 Mass. 474, 477 (2000), citing 5A C.A. Wright & A.R. Miller, Federal Practice and Procedure §1357, at 299 (1990). Conclusoiy allegations in the complaint that contradict the facts as demonstrated in the exhibits attached to the complaint may be disregarded. Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000), citing Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454 (7th Cir. 1998).
Alleged Constitutional Violations
Doe’s complaint contains six counts. Five of the counts are based upon the claim that the conduct of Weston deprived Doe of constitutional rights to property or liberty.[5] Doe asserts in four of the five counts that he is entitled to relief pursuant to 42 U.S.C. §1983 and G.L.c. 12.[6] Doe also contends in a fifth count (Count 6) that he is entitled to a declaratory judgment that his constitutional rights were violated. Reading the complaint broadly, Doe makes the additional claim that he has rights under G.L.c. 71, §37H that can be vindicated through G.L.c. 12.
(a) Substantive due process
With respect to the claim of violation of a right to substantive due process (Counts land 2), Doe must allege facts regarding the conduct of Weston that “shocks the conscience” or interferes with rights “im *8 plicit in the concept of ordered liberty.” Meyer v. Town of Nantucket, 78 Mass.App.Ct. 385, 392 (2010). A viable substantive due process claim requires proof that the state action was “in and of itself . . . egregiously unacceptable, outrageous, or conscience-shocking.” Amsden v. Moran, 904 F.2d 748, 754 (1st Cir. 1990). “[T]he Supreme Court has held explicitly that the right to attend public school is not a fundamental right for purpose of due process analysis . . . In the context of school discipline, a substantive due process claim will succeed only in the ‘rare case’ when there is ‘no rational relationship between the punishment and the offense.’ ” Seal v. Moran, 229 F.3d 567, 574-75 (6th Cir. 2000) (citations omitted). See also Wood v. Strickland, 420 U.S. 308, 326 (1975) (“It is not the role of the . . . courts to set aside decisions of school administrators which the court may view as lacking basis in wisdom or compassion”).
Applying the liberal standard for a motion to dismiss, the complaint fails to allege any shock the conscious behavior by the school. Indeed, the relatively minor punishment for violation of the school’s disciplinary rules as set forth in the Handbook was directly, clearly and rationally related to the offense. Moreover, the rules in the Handbook are consistent with G.L.c. 71, §37H and the obligations of the school under G.L.c. 76, §§1 and 1A. Doe’s allegation of a substantive due process violation fails to state a claim.[7]
Doe’s claim under G.L.c. 12, §111 fails for the same reason. There was no deprivation of rights secured by federal or state laws. In addition, Doe did not allege, nor could he, the required element under c. 12 of state action by threats, intimidation or coercion. Mere enforcement of written policy does not amount to coercion. See Mancuso v. Massachusetts Interscholastic Athletic Assoc., Inc., 453 Mass. 116, 130-32 (2009).
(b) Procedural due process
Goss v. Lopez, 419 U.S. 565 (1975), established that a student’s entitlement to a public education (as provided by state law) is a properly interest that may not be taken away for misconduct without adherence to the minimum procedures of due process under the constitution. Id. at 574. Likewise, a student may not be deprived of liberty, including his “good name, reputation, honor or integrity” by arbitraiy procedures. Id. at 575. Accordingly, a student facing suspension “must be given some kind of notice and afforded some kind of hearing.” Id. at 579. As applied to short suspensions of up to ten days, this standard requires the school to provide a student with (1) notice of the charges, (2) an explanation of the evidence supporting the charges, and (3) an opportunity to present his side of the story. Id. at 581, 584. See Doe v. Superintendent of Schls. of Worcester, 421 Mass. 117, 128-29 (1995) (recognizing existence of right to public education under Massachusetts Constitution). See also Duarte v. Commissioner of Revenue, 451 Mass. 399, 411, n.20 (2008) (Massachusetts due process protections are “comparable” to those under the United States Constitution).
As described above, Weston provided more than adequate procedures for due process under the Constitution of the United States and the Commonwealth to Doe. The complaint and exhibits establish that notice, explanation of the charges and opportunity to be heard were given with respect to the suspensions. Even with respect to the assignments to Saturday School, minimal due process rights were provided to Doe.[8] Again, neither G.L.c. 71, §37H, nor any other statute, provide for more procedural due process than what was provided. Doe’s allegation in Counts 3 and 4 for violation of procedural due process fail to state a cognizable claim.
Finally, Count 6 of the complaint seeks a declaratory judgment that the “act of assigning ‘Saturday School’ hours to Doe was illegal, unwarranted, and violated his constitutional rights and status.” For the reasons stated above, this count fails to state a claim. Moreover, now that Doe is no longer attending the school, there is no actual controversy between Doe and the school that requires a declaration.
Request for Review of Superintendent’s Decision
Count 5 of the complaint requests that this court review the decisions of the superintendent with respect to Saturday School and the suspensions. Doe argues that the decisions of the superintendent are “final agency decision(s)” subject to review under G.L.c. 30A. Alternatively, he argues that the superintendent’s decisions maybe reviewed upon cer-tiorari pursuant to G.L.c. 249, §4. Because of this count for review of an administrative decision, Doe moves to strike Weston’s motion to dismiss for failure to comply with Standing Order 1-96. For several reasons, Doe’s count for review of an administrative decision fails to state a claim. The count will be dismissed and Doe’s motion to strike is denied.
First, review under G.L.c. 30A is not available because the superintendent is not an “agency” under that statute. Generally, c. 30A does not apply to municipal bodies. Robinson v. Board of Health of Chatham, 58 Mass.App.Ct. 394, 395, n.4 (2003).
Second, while review under G.L.c. 249, §4 is an available avenue for review, see Doe v. Superintendent of Sch. of Stoughton, 437 Mass. 1, 5 (2002), plaintiffs request for review fails for two reasons. The last administrative action by the Weston superintendent alleged in the complaint took place on May 17, 2012. This action was not filed until August 2, 2012. Thus, Doe failed to meet the sixty-day deadline for actions under the statute. In addition, the standard of review under the statute “varies according to the nature of the action for which review is sought.” Id. The Supreme Judicial Court held that, given that courts “have always accorded school officials substantial deference in matters of discipline!,] ... [a court will] overturn a *9 superintendent’s decision to suspend a student only if it is arbitrary and capricious, so as to constitute an abuse of discretion.” Id., citing Doe v. Superintendent of Sch. of Worcester, 421 Mass. 117, 128 (1995). As described above, the actions alleged in the complaint, and documented by the exhibits, do not rise to the level of being arbitrary or capricious.
CONCLUSION
For the reasons stated above, Defendants’ Motion to Dismiss the Complain is ALLOWED, and plaintiffs motion to strike is DENIED.

here was a previous battle between Doe and Weston on a matter not directly related, as described in Doe v. Town of Weston, 461 Mass. 159 (2011).

Nhe complaint alleges that, after appeals of the December 2011, notice of suspension, the one-day suspension “was to be served on April 3, 2012.”

See Complaint ¶22. The basis for the allegation in the complaint is an affidavit from Doe’s father, Exhibit 18. Nowhere in the affidavit is it stated that Doe served the suspension on April 12,2011. The following exhibits (Exhibits 19-23) confirm that the suspension was “pending an appeal” and that Doe attended school pending the appeal.

The sixth count (Count 5) seeks review by the Superior Court of the decision of the superintendent pursuant to either G.L c. 30A or c. 249, §4 (certiorari). This count is addressed later in this memorandum.

The complaint fails to allege what section of G.L.c. 12 provides the basis for Doe’s claim. Moreover, Doe’s opposition memorandum to Weston’s motion to dismiss fails to mention c. 12. The court assumes that Doe is asserting a violation of constitutional and statutory rights pursuant to c. 12, §111. The constitutional analysis is the same as for 42 U.S.C. §1983.

Doe’s Count 2 alleges that Weston’s conduct violated Doe’s right to privacy under the Constitutions of the United States and the Commonwealth. This is a substantive due process claim that must be dismissed for the reasons stated above and for the additional reason that the complaint fails to allege any privacy interest that was violated.

Whether assignment to Saturday School requires due process procedures is an issue I do not decide because, in this case, due process was given.